UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                      CIVIL ACTION

CAPT. CLINT BOND, ET AL                     NUMBER 07-789-JVP-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 18, 2008.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                              CIVIL ACTION

CAPT. CLINT BOND, ET AL                             NUMBER 07-789-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies. Record document number 17. The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain, Assistant Deputy Warden Darren Vannoy, Assistant Warden Shirley Coody, Assistant Warden Howard Prince, Capt. Clint Bond, Capt. Irving Stammerich, Capt. Mills, Lt. Billy Montgomery, Sgt. L. Mack, Trish Foster, Linda Ramsey and eight unidentified correctional officers. Plaintiff alleged that the defendants conspired to confiscate his personal property and legal materials to interfere with his access to the courts.

Defendants moved for partial summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy

---

[1] Record document numbers 33, 34.

Procedure (hereafter, ARP) LSP-2006-2470, and the affidavit of Rita Thomas.[2]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that on November 13, 2004, Capt. Bond, Lt. Montgomery, and Sgt. Mack confiscated his legal documents, medication, medical devices and personal property in retaliation for filing an ARP.

Plaintiff alleged that on January 3, 2006, Capt. Bond, Capt. Stammerich, Lt. Montgomery and Sgt. Mack and confiscated his legal documents and issued the plaintiff false disciplinary reports in retaliation for filing an ARP.  Plaintiff alleged that Secretary Stalder, Warden Cain, Assistant Deputy Warden Vannoy, Assistant Warden Coody and Assistant Warden Prince were aware of the retaliatory actions of defendants Capt. Bond, Capt. Stammerich, Lt. Montgomery and Sgt. Mack.

Plaintiff alleged that on March 19, 2006, Capt. Bond, Capt.

---

[2] Capt. Mills, Lt. Montgomery, Sgt. L. Mack and the unidentified corrections officers were not served with the summons and complaint and did not participate in the motion for partial summary judgment.

Stammerich and Col. Decordy had another inmate throw human waste on the plaintiff and then falsified a disciplinary report accusing the plaintiff of throwing the human waste on himself. Plaintiff alleged that Capt. Bond physically attacked the plaintiff and then taunted him to file a lawsuit regarding the incident. Plaintiff alleged that unidentified corrections officers did not intervene on his behalf while he was being attacked by Capt. Bond.

Plaintiff alleged that on May 31, 2007, Assistant Warden Coody and an unidentified corrections officer had another inmate accuse the plaintiff of throwing a liquid substance on him. Plaintiff alleged that even though there was no evidence to support the inmate's allegations, Asst. Warden Coody and Capt. Brengettsy had the plaintiff placed in administrative segregation. Plaintiff alleged that on that same date, Lt. Nicholas St. Sanders falsely accused the plaintiff of attacking him. Plaintiff alleged that his property was confiscated and has not been returned since the incident.

Plaintiff alleged that on July 3, 2007, Capt. Mills, Capt. Bond and Capt. Stammerich searched his cell and had Sgt. R.V. issue the plaintiff a false disciplinary report for possession of contraband in retaliation for complaining about their wrongdoing. Plaintiff alleged that Capt. Bond threatened to spray the plaintiff with mace if he did not shut up.

Plaintiff alleged that on July 23, 2007, he filed an emergency

3

administrative grievance with Secretary Stalder. Plaintiff alleged that Secretary Stalder transferred the matter to Warden Cain who referred to Foster for a response. Plaintiff alleged that Foster's response was false. Plaintiff alleged that he wrote Foster a letter challenging her response to his administrative grievance but she failed to respond. Plaintiff alleged that on August 24, 2007, he filed another emergency administrative grievance to Warden Cain but has not yet received a response.

Plaintiff alleged that Secretary Stalder, Warden Cain, Asst. Warden Vannoy, Asst. Warden Prince, Foster and Ramsey were placed on notice regarding the retaliatory actions by Capt. Bond, Capt. Stammerich, Capt. Mills, Lt. Montgomery and Sgt. Mack, but have taken no action to assist the plaintiff.

Plaintiff alleged that the defendants have confiscated his legal materials, medical devices, medication, glasses, bedding, clothing and law books.

Defendants moved for partial summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies before filing suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

4

available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

In his complaint, the plaintiff identified ARP LSP-2006-2470 as the administrative grievance in which he exhausted available administrative remedies regarding the claims raised in the complaint.[3]

The summary judgment evidence showed that the plaintiff filed ARP LSP-2006-2470 on July 10, 2006 and it was received on July 13, 2006. In his administrative grievance the plaintiff complained that two bundles of property were confiscated in retaliation for filing an administrative grievance. Plaintiff complained that the first bundle was stored on January 3, 2006, and the second bundle was placed in storage on March 19, 2006. Plaintiff complained that after he was released from administrative segregation he requested that the bundle stored on March 19 be returned to him. Plaintiff complained that prison personnel delivered the bundle stored on January 3. Plaintiff complained that prison personnel could not locate the March 19 property bundle and now claim that they can no longer locate either bundle.

The summary judgment evidence showed that the plaintiff exhausted his administrative claims that his property was confiscated on January 3 and March 19, 2006, in retaliation for filing an administrative grievance and that his property bundles were lost or destroyed.

In opposition to the defendants' motion for partial summary

---

[3] Complaint, p. 3.

judgment, the plaintiff argued that he exhausted the remainder of his claims in disciplinary appeal number LSP-2004-15506-W, ARP LSP-2004-3986, ARP LSP-2004-3995, disciplinary appeal number LSP-2006-0033-W, disciplinary appeal number LSP-2006-0254-W, disciplinary appeal number LSP-2006-0286-W/LSP-2006-0344-W, ARP LSP-2006-1875, disciplinary appeal number LSP-2007-0581-W, lost property claim number LSP-2005-0396, lost property claim number LSP-2006-2392 and lost property claim number LSP-2007-3578.

In LSP-2004-15506-W the plaintiff appealed the decision of a disciplinary board which found the plaintiff guilty of disciplinary infractions on November 13, 2004. None of the plaintiff's claims were exhausted in LSP-2004-15506-W.

In ARP LSP-2004-3986 the plaintiff alleged that on November 13, 2004, he was sprayed with mace and was beaten without provocation. None of the plaintiff's claims were exhausted in LSP-2004-3986.

In ARP LSP-2004-3995 the plaintiff alleged that on November 13, 2004, he was sprayed with mace, beaten without provocation and denied medical treatment. None of the plaintiff's claims were exhausted in LSP-2004-3995.

In LSP-2006-0033-W the plaintiff appealed the decision of a disciplinary board which found the plaintiff guilty of disciplinary infractions on January 3, 2006. None of the plaintiff's claims were exhausted in LSP-2006-0033-W.

7

In LSP-2006-0254-W the plaintiff appealed the decision of a disciplinary board which found the plaintiff guilty of disciplinary infractions on March 19, 2006. None of the plaintiff's claims were exhausted in LSP-2006-0254-W.

In LSP-2006-0286-W/LSP-2006-0344-W the plaintiff appealed the decision of a disciplinary board which found the plaintiff guilty of a disciplinary infraction on March 18, 2006. None of the plaintiff's claims were exhausted in LSP-2006-0286-W/LSP-2006-0344-W.

Plaintiff filed a copy the Offenders Relief Request Form for ARP LSP-2006-1875 which indicated that an administrative grievance related to an incident which occurred on April 25, 2006 was accepted into the procedure on August 10, 2006. The exhibit does not indicate what claims were raised in the administrative grievance and the plaintiff failed to produce any evidence that the administrative grievance was exhausted through the two step procedure.

In LSP-2007-0581-W the plaintiff appealed the decision of a disciplinary board which found the plaintiff guilty of a disciplinary infraction on July 3, 2007. None of the plaintiff's claims were exhausted in LSP-2007-0581-W.

In lost property claim numbers LSP-2005-0396 and LSP-2005-1518 the plaintiff alleged that his property was lost on June 9, 2005. None of the plaintiff's claims were exhausted in lost property

claim number LSP-2005-0396.

In lost property claim number LSP-2006-2392 the plaintiff alleged that his property was lost on January 3, 2006. This ARP only addressed the plaintiff's loss of property on January 3, 2006. This lost property ARP was rejected on July 10, 2006 because the plaintiff failed to provide proof of ownership and the value of items which the plaintiff claimed were missing. Plaintiff later filed another ARP regarding the January 3, 2006 loss of properly, a claim which as previously indicated was exhausted in ARP-LSP-2006-2470. The record of lost property claim number LSP-2006-2392 does not support a finding that the plaintiff exhausted available administrative remedies regarding any other claim raised in the complaint.

In lost property claim number LSP-2007-3578 the plaintiff alleged that his property was lost on October 26, 2007. None of the plaintiff's claims were exhausted in lost property claim number LSP-2007-3578.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding the remainder of his claims prior to filing suit as required by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted in part,

dismissing the all of the plaintiff's claims for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis status,[4] except for the plaintiff's claims that his property was confiscated on January 3 and March 16, 2006 in retaliation for filing an administrative grievance and his property was lost or destroyed in violation of his constitutional rights.

Baton Rouge, Louisiana, April 18, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] *Underwood v. Wilson*, 151 F.3d at 296.