UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                              CIVIL ACTION

CAPT. CLINT BOND, ET AL                             NUMBER 07-789-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 1, 2008.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                              CIVIL ACTION

CAPT. CLINT BOND, ET AL                             NUMBER 07-789-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss. Record document number 16. The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain, Assistant Deputy Warden Darrell Vannoy[2], Assistant Warden Shirley Coody, Assistant Warden Howard Prince, Capt. Clint Bond, Capt. Irving Stammreich[3], Capt. Mills, Lt. Billy Montgomery, Sgt. L. Mack, Trish Foster, Linda Ramsey and eight unidentified correctional officers. Plaintiff alleged that his property was confiscated in retaliation for filing an administrative grievance in violation of his constitutional rights.[4]

---

[1] Record document number 31.

[2] This defendant is named "Darien Vonnoy" in the complaint.

[3] This defendant is named "Irvy Stammerich" in the complaint.

[4] Except for his claims that his property was confiscated on
(continued...)

Defendants[5] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed.R. Civ. P.

**A.   Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127

---

[4](...continued) January 3 and March 16, 2006 in retaliation for filing an administrative grievance, the remainder of the plaintiff's claims were dismissed for failure to exhaust available administrative remedies.  Record document number 41.

[5]  Capt. Mills, Lt. Montgomery, Sgt. L. Mack and the unidentified corrections officers have not been served with the summons and complaint and did not participate in the defendants' motion to dismiss.

S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[6]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

---

[6] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

### 1. Official Capacity

Defendants sought dismissal of the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." An officer sued in his personal capacity comes to court as an individual. However, a state official in his

4

or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Because the plaintiff did not seek prospective injunctive relief against the defendants in their official capacity, his official capacity claim is not actionable under § 1983.

### 2. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified

immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

    Plaintiff alleged that his property was confiscated on January 3 and March 19, 2006, in retaliation for filing an administrative grievance and that his property bundles were not returned.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996).  In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred.  *Id*.  The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred.  *Id*.

Plaintiff alleged that on January 3, 2006, Capt. Bond, Capt. Stammreich, Lt. Montgomery and Sgt. Mack confiscated his legal documents in retaliation for filing an ARP.  Plaintiff alleged that on March 19, 2006, a second bundle of property was confiscated and that the property stored in the two bundles has not been returned. Plaintiff alleged that Secretary Stalder, Warden Cain, Assistant Deputy Warden Vannoy, Assistant Warden Coody and Assistant Warden Prince were aware of the retaliatory actions of defendants Capt. Bond, Capt. Stammerich, Lt. Montgomery and Sgt. Mack.

Plaintiff failed to allege any facts against defendants Secretary Stalder, Warden Cain, Assistant Deputy Warden Vannoy, Assistant Warden Coody, Assistant Warden Prince, Trish Foster, and Linda Ramsey which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing the plaintiff's claims against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain, Assistant Deputy Warden Darrell Vannoy, Assistant Warden Shirley Coody, Assistant Warden Howard Prince, Trish Foster and Linda Ramsey, but in all other respects the defendants' motion to dismiss be denied.

It is further recommended that the plaintiff's claims against Capt. Mills, Lt. Billy Montgomery, Sgt. L. Mack and the eight

unidentified correctional officers be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, August 1, 2008.

```
                              _____
                                   STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE
```

9