UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RICKEY BARNES (#119466)

VERSUS                                              CIVIL ACTION

CAPT. CLINT BOND, ET AL                             NUMBER 07-789-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 2, 2009.


                    STEPHEN C. RIEDLINGER
                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                      CIVIL ACTION

CAPT. CLINT BOND, ET AL                     NUMBER 07-789-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of Clint Bond and Irving Stammreich.  Record document number 75.  The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Irving Stammreich[2] and Capt. Clint Bond.[3]  Plaintiff alleged that his property was confiscated in retaliation for filing

---

[1] Record document number 81.

[2] This defendant is named "Irvy Stammerich" in the complaint.

[3] Except for his claims that his property was confiscated on January 3 and March 16, 2006 in retaliation for filing an administrative grievance, the remainder of the plaintiff's claims were dismissed for failure to exhaust available administrative remedies.  Record document number 41. Plaintiff's claims against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain, Assistant Deputy Warden Darrell Vannoy, Assistant Warden Shirley Coody, Assistant Warden Howard Prince, Capt. Mills, Lt. Billy Montgomery, Sgt. L. Mack, Trish Foster, Linda Ramsey and eight unidentified correctional officers were previously dismissed. Record document 62.

an administrative grievance in violation of his constitutional rights.

Defendants moved for summary judgment relying on the affidavits of Clint Bond and Irving Stammreich, copies of the plaintiff's personal property inventory records, copies of the plaintiff's inmate location sheets, copies of Disciplinary Reports and Warden's Unusual Occurrence Reports, and a copy of Penitentiary Directive 09:042.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Plaintiff alleged that his property was confiscated on January 3 and March 19, 2006, in retaliation for filing an administrative grievance and that his property bundles were not returned.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003);

2

*Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996).  In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred.  *Id.*  The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred.  *Id.*

Plaintiff alleged that on January 3, 2006, the defendants confiscated his legal documents in retaliation for filing an ARP. Plaintiff alleged that on March 19, 2006, a second bundle of property was confiscated.  Plaintiff alleged that the property stored in the two bundles has not been returned.

The summary judgment evidence showed that on January 3, 2006, Capt. Bond conducted a search of the plaintiff's cell.[4]  Contraband was discovered in the plaintiff's cell.[5]  Plaintiff was issued a disciplinary report and he was placed under house arrest.[6] Plaintiff's property was inventoried by Sgt. Leban Mack and it was

---

[4] Defendants exhibit A.

[5] *Id.*

[6] Defendants exhibit D.

placed in storage by Cleveland Mills.[7]  On January 28, 2006 and again on October 25, 2006 the plaintiff refused the return of his property bundle confiscated on January 3, 2006.[8]

The summary judgment evidence showed that on March 18, 2006, the plaintiff was issued a disciplinary report and was placed under house arrest.[9]  Approximately two hours later, the plaintiff was issued a second disciplinary report.[10]  Plaintiff's property was inventoried by Sgt. Shaun Alexander and Capt. Stammreich and it was placed in storage by Capt. Stammreich.[11]  Plaintiff requested that his property be returned, but then refused to take it when it was delivered on May 11, 2006.[12]

On July 9, 2006, both property bundles in were brought to the plaintiff and were opened in his presence.[13]  Plaintiff once again rejected the property bundles.[14]  On July 9, 2006, the plaintiff

---

[7] Defendants exhibit C.

[8] Defendants exhibit C.

[9] Defendants exhibit D.

[10] *Id.*

[11] Defendants exhibits B and C.

[12] Defendants exhibit C.

[13] Defendants exhibit B.

[14] *Id.*

accepted the property bundle confiscated in March 2006.[15]

The summary judgment evidence showed that the plaintiff's property was bundled and placed in storage after he was issued disciplinary reports in January and March 2006.  There is no direct evidence to support the plaintiff's claim that the property was confiscated in retaliation for filing an administrative grievance. The summary judgment evidence further showed that the plaintiff refused to accept his property when prison personnel attempted to return it to him.  Considering all the summary judgment evidence in the light most favorable to the plaintiff, is does not support a reasonable inference that the defendants retaliated against the plaintiff for filing an administrative grievance by confiscating his property.  Defendants are entitled to summary judgment as a matter of law.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action

---

[15] Defendants exhibit C.

be dismissed.[16]

Baton Rouge, Louisiana, February 2, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] The claims against defendants Capt. Mills, Lt. Billy Montgomery, Sgt. L. Mack and the eight unidentified correctional officers, which were previously dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P., should be dismissed without prejudice. Although the claims against these defendants would be prescribed if brought in a new civil action, this does not bar a Rule 4(m) dismissal without prejudice. *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir. 1985)(applying former Rule 4(j), concluding "It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact ...")*; Peters v. United States*, 9 F.3d 344 (5th Cir. 1993)(applying former Rule 4(j))*; Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990)(same)*; McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990)(same)*; Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985)(same); contra *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). *Millan* is unpersuasive because it did not distinguish or even cite the earlier cases which uniformly held that a dismissal without prejudice for failure to timely serve the defendant was not prohibited although a re-filed claim would be untimely. It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by the appellate court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *Burlington N.R.R. v. Bhd. of Maint. of Way Employees*, 961 F.2d 86, 89 (5th Cir. 1992).

Furthermore, after the recommendation was made to dismiss the claims against these defendants pursuant to Rule 4(m), record document number 57, the plaintiff did not come forward with anything which would constitute good cause to extend the time to serve them.